JAMIE MARTIN *vs.* CHARLES LOWNEY & another.[1] January 7, 1988. *Negligence,* Medical malpractice. *Doctor,* Duty to disclose risk. *Medical Malpractice,* Consent to medical treatment.

We granted further appellate review to consider whether there should be a new trial as to the defendant Charles Lowney on the issue of informed consent. The plaintiff, Jamie Martin, alleged negligence on the part of the defendants, Charles Lowney, D.O., an osteopath practicing general medicine, and William Tompkins, M.D., a general surgeon, for failure to provide her with information adequate for her to give informed consent to a surgical procedure. The crux of the plaintiff's complaint was that she had planned to have an intrauterine device (IUD) removed and to have a bilateral tubal ligation performed, and that Lowney had inadequately informed her of the options available for performing this type of procedure and that he had informed her that the method which would be used to perform the

[1] William D. Tompkins.

surgery would leave at most a one-inch scar when, in fact, the surgery required a six-inch incision. The plaintiff further averred that, without her consent or knowledge, Tompkins, assisted by Lowney, performed an appendectomy to which she would not have consented had she been informed of it beforehand. At trial, the plaintiff waived any claim concerning the surgical procedures to which she did not consent.

The case against the defendants was submitted to the jury on the issue whether each defendant was negligent in failing to provide the plaintiff with adequate information to enable her to give informed consent to the surgical procedure. The jury returned a verdict for Tompkins on the informed consent issue; the jury were unable to reach a verdict on the informed consent claim against Lowney. Judgment was entered for Tompkins on the jury verdict.

Lowney moved for a directed verdict on the issue of informed consent and the trial judge allowed the motion. The judge denied the plaintiff's motion to reconsider his granting of Lowney's motion for a directed verdict, and the judge also denied the plaintiff's motion for a new trial against Tompkins on the issue of informed consent. The Appeals Court, in an unpublished memorandum and order, see 23 Mass. App. Ct. 1105 (1986), affirmed the judgment in favor of Tompkins, but reversed the judge's granting of Lowney's motion for a directed verdict; we allowed Lowney's application for further appellate review. Because the plaintiff does not claim any error in the instructions or in the judge's evidentiary rulings, we affirm the judge's denial of the plaintiff's motion for a new trial with respect to Tompkins on the issue of informed consent and we affirm the judge's granting of Lowney's motion for a directed verdict.

In *Harnish* v. *Children's Hosp. Medical Center*, 387 Mass. 152 (1982), this court set forth the standard governing a physician's duty to inform a patient of the risks and benefits of a course of medical treatment. We stated that "a physician owes to his patient the duty to disclose in a reasonable manner all significant medical information that the physician possesses or reasonably should possess that is material to an intelligent decision by the patient whether to undergo a proposed procedure. The information a physician reasonably should possess is that information possessed by the average qualified physician or, in the case of a specialty, by the average qualified physician practicing that specialty." *Id.* at 155. On the question of causation we noted that in order to prevail on a claim of negligence for failure to inform a patient adequately, a plaintiff must demonstrate that the risk that should have been disclosed actually materialized, *id.* at 157-158, and the "plaintiff must also show that had the proper information been provided neither [the plaintiff] nor a reasonable person in similar circumstances would have undergone the procedure." *Id.* at 158.

The plaintiff's experts opined that the plaintiff's wound abscess was caused by the appendectomy which released bacteriodes fragilis into the abdominal cavity, a normally sterile area. The evidence viewed in the light most favorable to the plaintiff indicates that the plaintiff's injuries were

causally related to the appendectomy and not to the incision used to perform the appendectomy. The plaintiff waived her claim against the physicians for performing the appendectomy. Thus, assuming that Lowney failed to inform the plaintiff of the risk of infection for the tubal ligation procedure, the plaintiff did not demonstrate the required causal nexus between the undisclosed risk and the injury suffered. See *Precourt* v. *Frederick*, 395 Mass. 689, 702-703 (1985) (Liacos, J., concurring). For that reason, the judgment of the Superior Court granting a directed verdict for Lowney is affirmed.

*Judgments affirmed.*

*James A. Frieden* for the plaintiff.
*Philip E. Murray, Jr.*, for the defendants.